# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ADAM BENAVIDES, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0029 |
| | § | |
| HOME DEPOT USA, INC., | § | |
| Defendant. | § | |

## <u>MEMORANDUM AND ORDER</u>

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion to Sever and Transfer filed by Defendant Home Depot USA, Inc. ("Home Depot") [Doc. # 21]. Home Depot seeks to sever and transfer Plaintiff Franco Taibi's collective action claims relating to his employment with Home Depot as a merchandising assistant store manager ("MASM"). Plaintiffs have filed a Response[1] [Doc. # 30], and Defendant filed a Reply [Doc. # 31]. Based on the Court's review of the record in this case, and the application of governing legal authorities, the Court **grants** Defendant's Motion to Sever and Transfer.

---

[1] In their Response, Plaintiffs complain that Home Depot has not produced the documents identified in its Initial Disclosures. Although they did not serve written discovery requests for the subject documents, Plaintiffs ask the Court to "compel" production of the documents and then to allow Plaintiffs additional time after the document production to supplement their Response to the Motion to Sever and Transfer. Because Plaintiffs have not served a written request for the documents and have not identified any document that is material to the pending motion, the request to compel and to permit a supplemental response is **denied**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

In October 2004, two FLSA lawsuits involving Home Depot assistant managers were consolidated in the United States District Court for the District of New Jersey. In both cases, the assistant managers asserted collective action claims, arguing that Home Depot misclassified them as "exempt" under the FLSA.  In October 2005, a United States Magistrate Judge in New Jersey granted the New Jersey plaintiffs' request for an order facilitating nationwide notice under the FLSA to Home Depot's current and former MASMs.  Home Depot challenged the Magistrate Judge's decision, which is currently under consideration by the District Judge in New Jersey.  Should the District Judge uphold the Magistrate Judge's decision, the parties have agreed on the form of notice that should be sent to the MASMs.

In January 2006, Adam Benavides, James Duffy, and Franco Taibi filed individual and collective action claims under the FLSA against Home Depot in this court.  Taibi has been employed by Home Depot as a MASM, and he alleges that Home Depot misclassified him and the other MASMs as "exempt" under the FLSA.

Home Depot moved to sever Taibi's MASM collective action claims and to transfer them to the United States District Court for the District of New Jersey, where they can be considered together with the consolidated collective actions pending there.

II.    **FIRST-TO-FILE RULE**

Defendant argues that Taibi's MASM collection action claims should be severed and transferred pursuant to the "first-to-file" rule.  The rule provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir. 1999); *see Save Power Ltd. v. Syntek Finance Corp.,* 121 F.3d 947, 950 (5th Cir. 1997).  The first-to-file rule is "grounded in principles of comity and sound judicial administration," which requires "courts of coordinate jurisdiction and equal rank [ ] to exercise care to avoid interference with each other's affairs." *Id.* (citation omitted).

The focal inquiry under the first-to-file rule is whether there is substantial overlap between the two cases. *See Save Power Ltd.,* 121 F.3d at 950-51.  If the cases do not completely overlap, then the court considering transfer should consider whether the cases should be consolidated, the  extent of the overlap, the likelihood of conflict, and the comparative  advantage and interest of each forum in resolving the dispute. *Id.* (citation omitted).

The three primary concerns of the rule are: (1) to "avoid the waste of duplication;" (2) to "avoid rulings which may trench upon the authority of sister

courts;" and (3) to "avoid piecemeal resolution of issues that call for a uniform result." *See id.* at 950.

## III.   <u>ANALYSIS</u>

In this case, Taibi's MASM collective action claims do not merely overlap with the MASM collective action claims pending in New Jersey; they are identical.   The New Jersey case has progressed significantly farther than this case.   The Magistrate Judge in New Jersey has granted the New Jersey plaintiffs' request for an order facilitating nationwide notice to Home Depot's current and former MASMs (including Taibi), and the parties have agreed on the form of that notice, should the District Judge uphold the Magistrate Judge's decision.   The interest in avoiding duplication heavily favors the transfer of Taibi's MASM collective action claims to New Jersey.

Additionally, the interest in avoiding both piecemeal resolution of issues and the resulting potential for conflicting rulings favors transfer to New Jersey.   In both cases, the primary issue is whether Home Depot MASMs nationwide have been incorrectly classified as exempt under the FLSA and whether they are, therefore, entitled to additional compensation.   The principles of comity and sound judicial administration favor resolving this issue in a single forum – the forum in which the first case was filed.

The principles underlying the first-to-file rule favor severing Taibi's MASM collective action claims and transferring them to New Jersey. The MASM collective action claims in the two districts are identical. The likelihood of conflicting rulings in separate collective actions can be avoided through severance and transfer. Because the focus of the collective actions is nationwide, this district and the District of New Jersey have an equal interest in the dispute, but the New Jersey court has the advantage that its case has progressed significantly farther than this case. As a result, the Court concludes that Defendant's Motion to Sever and Transfer should be granted.

## IV.    CONCLUSION AND ORDER

Taibi's MASM collective action claims in this case are identical to the MASM collective action claims currently pending in the earlier-filed case in New Jersey. As a result, judicial economy and the interests of justice in avoiding piecemeal litigation and inconsistent rulings weigh heavily in favor of severing Taibi's MASM collective action claims and transferring them to the United States District Court for the District of New Jersey. Accordingly, it is hereby

**ORDERED** that Home Depot's Motion to Sever and Transfer [Doc. # 21] is **GRANTED**. Franco Taibi's MASM collective action claims under the FLSA are **SEVERED AND TRANSFERRED** to the United States District Court for the District of New Jersey, for consideration with the consolidated case *Novak v. The Home Depot,*

*Inc.*,  No. 04-CV-4100, currently pending in that court.  Taibi's individual claims and all claims by other Plaintiffs remain pending in this case.  It is further

**ORDERED** that the Clerk's office will open a separate file containing all documents filed in this case, assign a new number to that file, and transfer the new file to the District of New Jersey.

SIGNED at Houston, Texas, this **19th** day of **May, 2006.**

_____
Nancy F. Atlas
United States District Judge